UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRES FERNANDEZ,

                Plaintiff,

    -against-

DANNIEL S. LANDIS,

                Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/28/2020
```

19 Civ. 8192 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Before the Court are two motions: (1) the parties' joint motion for an extension of the discovery period, ECF No. 43, (2) Plaintiff's attorneys' motion for reconsideration of the Court's denial of their prior motion to withdraw, ECF Nos. 48. For the reasons that follow, the motion to extend the discovery period is GRANTED, and the motion for reconsideration is GRANTED. Plaintiff's counsel will be permitted to withdraw upon satisfaction of conditions set by the Court in this order.

**BACKGROUND**

    On March 12, 2020, Plaintiff's attorneys, Ronemus & Vilensky, LLP ("R&V"), moved to withdraw as counsel. ECF No. 39.[1] Lawrence Singer, a partner at R&V, submitted a declaration in support of the motion, stating that "[p]rior to being retained by [P]laintiff, we specifically asked him about any accidents and prior injuries," that "Plaintiff specifically told us that he had no prior accidents and prior injuries," and that "[b]ased on this information, we agreed to represent him." Singer Decl. ¶ 5, ECF No. 39-1. The declaration goes on to state, however, that "[t]hrough discovery and obtaining medical records and communicating with defense counsel, [P]laintiff appeared in fact to have a prior accident and prior injuries," and that upon being asked, "[P]laintiff did in fact admit and had neglected to tell us about his prior accident and prior injuries." *Id.* ¶ 6. Singer avers that "[h]ad our office been aware of the prior accident and injuries, our offices would not have agreed to represent" Plaintiff. *Id.*

    On March 18, 2020, the Court denied counsel's motion. March 18 Order, ECF No. 40. The Court held that the reasons provided for withdrawal did not justify granting the motion in light of the serious prejudice to both Plaintiff and the efficient resolution of this case that would result, because the end of fact discovery was only weeks away. *Id.*

    On March 27, 2020, R&V moved for reconsideration, and submitted another declaration from Robert Vilensky, R&V's managing partner, which averred that cases where a plaintiff has prior injuries like Plaintiff's are "usually lost with my office putting in many man

---

[1] Counsel re-filed this motion on April 24, 2020, due to prior technical deficiencies. ECF No. 44.

hours and significant amounts of money." R&V Mot., ECF No. 41 at 3.[2] Vilensky also states that the firm's "office is completely shut down," and its lawyers "have no access to [their] files," which he suggested would likely require an extension of discovery. *Id.* at 4.

Fact discovery closed on April 10, 2020, ECF No. 38, and no motion to extend the discovery period was filed before that deadline. However, on April 22, 2020, the Court ordered the parties to address Vilensky's representation that fact discovery could not have been completed by the deadline, ECF No. 42, and on April 23, 2020, the parties requested an extension of the discovery period, ECF No. 43. The motion represented that both parties and their counsel are, for various reasons, unable to participate in basic components of discovery because of the COVID-19 outbreak, and requested an extension (for an unspecified period of time) of the discovery deadlines. *Id.* at 1–3.

## ANALYSIS

The Court will first address the parties' motion for extension of discovery, and will then consider whether the disposition of that motion bears on R&V's motion for reconsideration.

   I.  Extension of Discovery

It is apparent that significantly more time is necessary for the parties to complete fact discovery. Ordinarily, the Court would not consider a motion for extension that was filed almost two weeks after the close of fact discovery. *See* Individual Practices in Civil Cases I(C) ("Absent an emergency, any request for adjournments or extensions must be made <u>at least 48 hours</u> prior to the scheduled appearance or deadline. Requests for extension will ordinarily be denied if made after the expiration of the original deadline."). But given the current state of discovery in this action, which resulted least in part from the ongoing public health crisis, and "in light of the well-settled preference in this Circuit for courts to resolve litigation disputes on their merits," *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 328 F.R.D. 100, 123 (S.D.N.Y. 2018), the parties' motion to extend the discovery period is GRANTED.

By **July 27, 2020**, the parties shall complete fact discovery; by **August 27, 2020**, the parties shall complete expert discovery. The case management conference scheduled for April 30, 2020, is ADJOURNED to **August 20, 2020**, at **11:00 a.m.** By **August 13, 2020**, the parties shall submit a joint status letter as outlined in paragraph 16 of the case management plan, ECF No. 11.

   II.  Withdrawal of Counsel

"Local Rule 6.3 permits a party to move for reconsideration based on matters or controlling decisions which counsel believes the court has overlooked." *Space Hunters, Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012) (internal quotation marks and citation omitted); *see also Dietrich v. Bauer*, 198 F.R.D. 397, 399 (S.D.N.Y. 2001). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied

---

[2] Counsel re-filed this motion on April 28, 2020, because of prior technical deficiencies. ECF No. 47.

unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dietrich*, 198 F.R.D. at 399. "A motion for reconsideration is neither an opportunity to advance new facts or arguments nor to reiterate arguments that were previously rejected." *M.K.B. v. Eggleston*, No. 05 Civ. 10446, 2006 WL 3230162, at *1 (S.D.N.Y. Nov. 7, 2006).

R&V puts forward two bases for reconsideration. First, it argues that the Court overlooked the financial impact of requiring it to continue representing Plaintiff, even when discovery has revealed facts that make his case less likely to produce a favorable result. R&V Mot. at 3–4. But the Court fully considered the reality that Plaintiff's prior injuries may have affected the value of his case to his attorneys, and rejected that argument as sufficient to justify withdrawal, given the posture of the case. March 18 Order at 2.

Second, R&V argues that the Court failed to consider the impact of the COVID-19 outbreak on the course of this litigation. R&V Mot. at 4. It is true that the Court's order did not take account of the effect COVID-19 would have on discovery. *See generally* March 18 Order. But R&V's original motion did not raise that issue, or indicate that discovery would not be completed on schedule; to the contrary, Singer asserted in his declaration that there would be no prejudice to Plaintiff from withdrawal because he would be able to find new counsel before the April 10 discovery deadline, and that there was "no prejudice to [D]efendant as we have continued to provide discovery." Singer Decl. ¶¶ 9–10. Accordingly, it too does not provide grounds for reconsideration.

That said, the Court is not required to ignore the effect COVID-19 has had on this case. "[A] district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment, whether they be oral or written, and there is no provision in the rules or any statute that is inconsistent with this power." *Liberty Media Corp. v. Vivendi Universal, S.A.*, 842 F. Supp. 2d 587, 592 (S.D.N.Y. 2012) (quoting *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982); *see also* Fed. R. Civ. P. 60(b)(6) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief."). "[A] district court may act *sua sponte* and reconsider its own orders in light of changed circumstances." *Economist's Advocate, LLC v. Cognitive Arts Corp.*, No. 01 Civ. 9468, 2004 WL 728874, at *11 (S.D.N.Y. Apr. 6, 2004) (citation omitted).

The delays caused by COVID-19, and the extension the Court has granted as a result, have materially changed the circumstances of this case in a manner that warrants reconsideration of the Court's earlier order.

Under Local Civil Rule 1.4, which governs withdrawal of attorneys in this district, district courts must analyze two factors when considering a motion to withdraw: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding. *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469, 2011 WL 672245, *1 (S.D.N.Y. Feb. 17, 2011). The Court originally found that both factors militated against allowing R&V to

3

withdraw.  It determined that Plaintiff's misstatement to R&V did not fall into any of the listed grounds for withdrawal under the American Bar Association's Model Rules of Professional Conduct, and that withdrawal was not permissible under the catchall provision allowing "withdrawal [that] can be accomplished without material adverse effect on the interests of the client," MRPC RULE 1.16(b)(1), given the approaching fact discovery deadline, with "significant depositions to be taken in the coming days."  March 18 Order at 2.  Now, however, discovery is not set to close for three months.  The impact of withdrawal on Plaintiff's case, therefore, is much lower.

In addition, the Court found that allowing withdrawal at this stage of the case would cause significant disruption, because the Court would need to extend discovery to allow time for the newly *pro se* Plaintiff to coordinate with opposing counsel and conduct outstanding depositions.  March 18 Order at 2.  But now, the Court has substantially extended discovery anyway.  Thus, the risk of disruption is also much lower than when the Court made its decision.

Accordingly, R&V's motion for reconsideration is GRANTED.  R&V will be permitted to withdraw as counsel upon the satisfaction of conditions set out in this order.

## CONCLUSION

To summarize:  The parties' motion to extend discovery, ECF No. 43, is GRANTED.  By **July 27, 2020**, the parties shall complete fact discovery; by **August 27, 2020**, the parties shall complete expert discovery.  The case management conference scheduled for April 30, 2020, is ADJOURNED to **August 20, 2020**, at **11:00 a.m.**  By **August 13, 2020**, the parties shall submit a joint status letter as outlined in paragraph 16 of the case management plan, ECF No. 11.

R&V's motion for reconsideration, ECF Nos. 41, 45, is GRANTED.  R&V will be permitted to withdraw as counsel after the following conditions are met:

(1) By **May 4, 2020**, R&V must serve a copy of this order on Plaintiff by mail and by email.  By **May 11, 2020**, R&V must file proof of service on the docket.

(2) By **May 8, 2020**, Michael Ronemus, Plaintiff's attorney of record, must speak to Plaintiff by phone and explain (a) that the Court has entered this order permitting R&V to withdraw, (b) the obligations and deadlines the Court has imposed on Plaintiff, and (c) the consequences that may follow from failing to comply with those obligations and deadlines.  By **May 11, 2020**, Mr. Ronemus must file on the docket a letter affirming that this conversation has taken place.

(3) By **May 11, 2020**, R&V must provide the Court with Plaintiff's mailing address.

Plaintiff's counsel having withdrawn, he may wish to try and find a new attorney, or he may wish to proceed *pro se*—that is, on his own behalf, without a lawyer.

4

By **May 27, 2020**, Plaintiff shall provide an update to the Court as to whether Plaintiff has retained new counsel or if Plaintiff wishes to proceed *pro se*. If Plaintiff has obtained new counsel, Plaintiff's new counsel shall file a notice of appearance by **May 27, 2020**. Should Plaintiff determine not to engage new counsel and proceed *pro se*, it is ORDERED that by **May 27, 2020**, he shall provide the Pro Se Office for the Southern District of New York with the address and telephone number at which he can be reached by the Court. In light of the current global health crisis, parties proceeding *pro se* are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov. The Pro Se Office is located at 500 Pearl Street, Room 200, New York, New York 10007. The telephone number for the Pro Se Office is (212) 805-0175.

The Clerk of Court is directed to terminate the motion at ECF Nos. 44 and 47.

SO ORDERED.

Dated: April 28, 2020
　　　　New York, New York

_____
ANALISA TORRES
United States District Judge